UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAURAV THAKUR (A-245-590-656), | No.  1:26-cv-0038 CSK |
| Petitioner, | |
| v. | ORDER |
| CHRISTOPHER CHESTNUT, et al., | |
| Respondents. | |

Petitioner Saurav Thakur (A-245-590-656), a native of India who entered the United States on December 12, 2023, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] Petitioner was initially detained by immigration officials and released on his own recognizance in December 2023. In December 2025, petitioner reported to U.S. Immigration and Customs Enforcement ("ICE") for a check-in appointment and was re-detained. On January 8, 2026, the district court granted petitioner's motion for preliminary injunction and ordered petitioner released. (ECF No. 7.) Petitioner was subsequently released from ICE custody. (ECF No. 12.) For the reasons that follow, the Court GRANTS the habeas petition.

/ / /

/ / /

---

[1] The parties consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1). (ECF No. 11.)

1

## I.    BACKGROUND[2]

Petitioner, a native of India, entered the United States on December 12, 2023 without inspection and was detained by U.S. Department of Homeland Security.  (ECF No. 1 at 1, 4.)  On December 13, 2023, Petitioner was released on an Order of Release on Recognizance.  (Id. at 1, 4-5.)  On December 13, 2023, Petitioner was issued a Notice to Appear, charging him with removability pursuant to Immigration and Nationality ("INA") section 212(a)(6)(A)(i), 8 U.S.C. § 1182(a)(6)(A)(i), as an "alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General."  (ECF No. 1 at 2, 5; ECF No. 1-2 at 2.)  Thereafter, Petitioner timely filed an application for asylum with the immigration court.  (ECF No. 1 at 2.)  Petitioner complied with all his release conditions, including regularly scheduled appointments with U.S. Immigration and Customs Enforcement ("ICE").  (Id. at 2, 5.)  Petitioner has no criminal history.  (Id. at 5.)  In December 2025, Petitioner was re-detained when he reported to ICE for a check-in appointment.[3]  (Id. at 2, 5.)  Respondents do not contest Petitioner's factual allegations.  (See ECF No. 6, 14.)

On January 5, 2026, Petitioner filed his petition for writ of habeas corpus and a motion for a temporary restraining order challenging his re-detention.  (ECF Nos. 1, 2.)  On January 5, 2026, the district court stated that the issues raised therein appeared to mirror those previously addressed in many prior cases.  (ECF No. 4 (citing Singh v. Andrews, No. 1:25-cv-01543-DJC-SCR (E.D. Cal.); Mariagua v. Chestnut, No. 1:25-cv-01744-DJC-CKD (E.D. Cal.); Ortega v. Noem, No. 1:25-cv-01663-DJC-CKD (E.D. Cal.); Souza v. Robbins, No. 1:25-cv-01597-DJC-JDP (E.D. Cal.).)  The district court directed Respondents to show cause whether there are any factual or legal issues in this case that render it distinct from the district court's prior orders in the cases listed above and would justify denial of a preliminary injunction.  (ECF No. 4.)  On January

---

[2]  Petitioner filed a verified habeas petition.  (ECF No. 1 at 12.)  A court "may treat the allegations of a verified . . . petition [for writ of habeas corpus] as an affidavit."  L. v. Lamarque, 351 F.3d 919, 924 (9th Cir. 2003) (citing McElyea v. Babbitt, 833 F.2d 196, 197-98 (9th Cir. 1987)).  Respondents do not contest Petitioner's factual allegations.  (See ECF No. 6, 14.)

[3]  The petition has different December 2025 dates identified as the date of Petitioner's re-detention.  (See ECF No. 1 at 2, 5.)  The Court need not resolve this inconsistency, which does not affect the Court's analysis.

2

7, 2026, Respondents filed their opposition, response to the petition, and response to the district court's January 5, 2026 order to show cause.  (ECF No. 6.)  On January 8, 2026, the district court converted the motion for a temporary restraining order into a preliminary injunction motion, granted the motion, released Petitioner, and entered a preliminary injunction.  (ECF No. 7.)  The district court enjoined and restrained respondents from re-arresting or re-detaining petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice describing the change of circumstances necessitating his arrest and detention, and a timely hearing where the Government bears the burden of establishing, by clear and convincing evidence, that petitioner poses a danger to the community or a risk of flight.  (Id.)  The parties subsequently consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1).  (ECF No. 11.)

Pursuant to the parties' joint status report (ECF No. 12), the Court set the merits briefing schedule.  (ECF No. 13)  On April 1, 2026, respondents timely filed their response to the petition, standing upon the arguments previously submitted.  (ECF No. 14.)  Petitioner did not file a reply.  Briefing is now complete.

## II.   LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States."  Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2).  "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."  Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).  A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law.  28 U.S.C. § 2241(c)(3).  Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest."  I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001).  A district court's habeas jurisdiction includes challenges to immigration detention.  See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

/ / /

3

### III.    DISCUSSION

Generally, noncitizens are subject to civil immigration detention only if the noncitizen presents a risk of flight or danger to the community.  See Zadvydas, 533 U.S. at 690 (holding that 8 U.S.C. § 1231(a)(6) does not authorize indefinite detention).  The petition raises the following thee claims:  (1) violation of the Fifth Amendment substantive due process clause; (2) violation of the Fifth Amendment procedural due process clause; and (3) violation of the Immigration and Nationality Act ("INA").  (ECF No. 1 at 9-11.)

Petitioner contends that respondents subjected petitioner to mandatory detention under 8 U.S.C. § 1225, when petitioner has been, and should continue to be, subject to 8 U.S.C. § 1226(a), and should not be re-detained without a bond hearing because it violates his constitutional right to due process.  Respondents do not argue that petitioner is a flight risk or a danger to the community, and instead argue that petitioner's detention is mandatory under § 1225(b)(2) as an "applicant for admission."  (ECF No. 6.)

Where the record before the Court has not changed since the district court's ruling on the motion for a preliminary injunction, this Court GRANTS the petition for writ of habeas corpus based on a finding that Respondents violated Petitioner's Fifth Amendment procedural due process rights by re-detaining him in December 2025 without a pre-detention hearing (claim two). Petitioner had a protected liberty interest in his release, was entitled to process, and the process should have been provided before he was re-detained in December 2025 where Petitioner was previously released by immigration authorities on his own recognizance in December 2023, he lived in the United States and remained out of custody for approximately two years, complying with his release conditions.  See Mariagua v. Chestnut, No. 1:25-CV-01744-DJC-CKD, 2025 WL 3551700, at *4-5 (E.D. Cal. Dec. 11, 2025) (granting temporary restraining order, finding petitioner likely to succeed on merits of claim that she is unlawfully detained under § 1225 where petitioner is subject to § 1226, and likely to succeed on her due process claim where petitioner was re-detained after being released on her own recognizance without a pre-detention hearing); Mariagua v. Chestnut, 2026 WL 539362, at *1 (E.D. Cal. Feb. 26, 2026) (granting petition based on finding that petitioner's due process rights were violated); Souza v. Robbins, No. 1:25-CV-

01597-DJC-JDP, 2025 WL 3263897, at *2 (E.D. Cal. Nov. 23, 2025) (granting temporary restraining order, finding petitioner likely to succeed on the merits of her due process claim where petitioner was re-detained after being released on her own recognizance without a pre-detention hearing); De Souza v. Robbins, 2026 WL 252041, at *2 (E.D. Cal. Jan. 30, 2026), report and recommendation adopted, 2026 WL 524938 (E.D. Cal. Feb. 24, 2026) (granting petition based on a finding that respondents violated petitioner's Fifth Amendment due process rights);  F.M.V. v. Wofford, 2025 WL 3083934, at *3-5 (E.D. Cal. Nov. 4, 2025); Ortega v. Kaiser, 2025 WL 1771438, at *3 (N.D. Cal. June 26, 2025); see also Young v. Harper, 520 U.S. 143, 147-49 (1997) (protected liberty interest may arise from a conditional release from physical restraint); Morrissey v. Brewer, 408 U.S. 471, 482 (1972) (finding due process requires pre-deprivation hearing before revocation of parole).  In light of the Court's ruling that Petitioner's requested relief be granted on his procedural due process claim (claim two), petitioner's remaining claims (claims one and three) need not be resolved.

**IV.   CONCLUSION**

In summary, the Court grants the petition for writ of habeas corpus on the procedural due process claim.

Accordingly, IT IS HEREBY ORDERED that:

1.  The petition for writ of habeas corpus (ECF No. 1) is GRANTED.

2.  Respondents are enjoined and restrained from re-detaining Petitioner Saurav Thakur (A-245-590-656) unless the Government demonstrates, by clear and convincing evidence at a pre-deprivation bond hearing before an immigration judge or a neutral decisionmaker, that Petitioner is a flight risk or danger to the community such that his physical custody is legally justified.  Petitioner shall be allowed to have his counsel present at any such hearing.  This injunction does not address other circumstances where detention authority is established under different authority than what is presented in this case (e.g., 8 U.S.C. § 1226(c) or 8 U.S.C. § 1231).

/ / /

/ / /

5

3.  The Clerk of the Court is directed to enter judgment in favor of Petitioner and close this case.

Dated:  April 23, 2026

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

csk/thak.0038.26.imm.merits

6